KEVIN RYAN (CSBN 118321)
United States Attorney

EUMI L. CHOI (WVSBN 0722)
Chief, Criminal Division

ZACHARY D. BIRD (CSBN 222656)
Special Assistant United States Attorney

450 Golden Gate Avenue, 11th Floor
San Francisco, California  94102

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR No.: 05-00538 NJV |
| | ) | |
| Plaintiff, | ) | STIPULATION AND [~~PROPOSED~~] |
| | ) | ORDER EXCLUDING TIME |
| v. | ) | |
| | ) | |
| KEVIN J. WIEME, | ) | |
| | ) | |
| Defendant. | ) | |

On October 17, 2005, the parties in this case appeared before the Court for a pre-trial conference. At that time, the parties stipulated that time should be excluded from the Speedy Trial Act calculations from October 17, 2005 to December 5, 2005 for continuity of counsel and for effective preparation of defense counsel, as well as ongoing settlement negotiations.  The parties represented that granting the continuance was for the reasonable time necessary for continuity of defense counsel and effective preparation of defense counsel, taking into account the exercise of due diligence.  See 18 U.S.C. § 3161(h)(8)(B)(iv).  The parties also agreed that the ends of justice served by granting such a continuance outweighed the best interests of the public and the defendant in a speedy trial.  See 18

1  U.S.C. § 3161(h)(8)(A).

2  SO STIPULATED:

KEVIN V. RYAN
United States Attorney

DATED: 10.25.05          /S/
_____    _____
ZACHARY D. BIRD
Special Assistant United States Attorney

DATED: 10.25.05          /S/
_____    _____
NEAL SANDERS
Attorney for Mr. Wieme

As the Court found on October 17, 2005, and for the reasons stated above, the Court finds that an exclusion of time between October 17, 2005 and December 5, 2005 is warranted and that the ends of justice served by the continuance outweigh the best interests of the public and the defendant in a speedy trial.  See 18 U.S.C. §3161 (h)(8)(A).  The failure to grant the requested continuance would deny Mr. Wieme continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, and would result in a miscarriage of justice.  See 18 U.S.C. §3161(h)(8)(B)(iv).

SO ORDERED.

DATED: 10/26/05          _____
NANDOR J. VADAS
United States Magistrate Judge

Stipulation and [Proposed] Order